# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CYNTHIA LUCILLE YOHN,**

    **Plaintiff,**

                                      **Civil Action 2:19-cv-287**
                                      **Chief Judge Edmund A. Sargus, Jr.**
    v.                                  **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,**

    **Defendant.**

---

**DUSTIN LEE SCHARBROUGH,**

    **Plaintiff,**

                                        **Civil Action 2:19-cv-288**
                                      **Chief Judge Edmund A. Sargus, Jr.**
    v.                                  **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's January 29, 2019 Orders and Notices of Deficiency. (2:19-cv-287, ECF No. 6; 2:19-cv-288, ECF No. 7.) For the reasons that follow, it is **RECOMMENDED** that these actions be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

On January 8, 2019, Plaintiffs initiated these actions by filing miscellaneous cases and paying a $47 filing. This Court explained that because Plaintiffs seek injunctive relief against a defendant, they should have filed their actions as civil complaints, which requires payment of the $400 filing fee or a properly supported application to proceed *in forma pauperis*. (*Id*. at 2.) The Court directed the Clerk to transfer the miscellaneous actions to regular civil actions; to terminate the miscellaneous actions; and to return to Plaintiffs the $47 filing fee that they paid. (*Id.*) Plaintiffs were cautioned that if they intend to pursue these actions, they must either pay the $400 filing fee or file properly supported applications to proceed *in forma pauperis* within 30 days. Plaintiffs were also cautioned that failure to comply with the Court's Order would result in dismissal of these actions for failure to prosecute. (*Id.*) To date, Plaintiffs have failed to comply with the Court's January 29, 2019 Orders. They have neither paid the filing fee nor submitted proper documentation showing that they are unable to pay the fee.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiffs' actions pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiffs failed to comply with the Court's Orders instructing them to either pay the $400 filing fee or submit an application to proceed *in forma pauperis*. (2:19-cv-287, January 29, 2019 Order and Notice of Deficiency at 2, ECF No. 6; 2:19-cv-288, January 29, 2019 Order and Notice of Deficiency at 2, ECF No. 7.) Moreover, the Court explicitly cautioned Plaintiffs in the Orders that failure to comply would result in dismissal of this action for failure to prosecute. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiffs' failure to timely comply with the clear order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiffs have missed this deadline and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. Nevertheless, the Undersigned

3

concludes that dismissal with prejudice and requiring Plaintiff to pay the filing fee is too harsh a result.   It is therefore **RECOMMENDED** that the Court **DISMISS THESE ACTIONS WITHOUT PREJUDICE** under Rule 41(b).   It is further **RECOMMENDED** that the Court not assess the filing fee in this matter.   Finally, it is **RECOMMENDED** that the Court order Plaintiffs to list these actions as related cases if they re-file.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.   Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.   28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE